The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times on and before 8 March 1993, an employer-employee relationship existed between plaintiff and defendant-employer.
3. Vanliner Insurance Company was the compensation carrier on the risk.
4. On 8 March 1993, plaintiff sustained an injury by accident while operating a tractor and flatbed trailer for defendant when he slipped and fell off the side of the trailer while attempting to secure a canvas tarp.
5. Plaintiff's average weekly wage was $509.67.
6. The parties agree to stipulate that plaintiff's admitted injury by accident arose out of and in the course of his employment with defendant-employer.
7. Defendants authorized treatment with Dr. Craig Derian in Durham, North Carolina, for the purposes of completing diagnostic testing.
8. Defendants made direct payments (not approved by the Industrial Commission) to the plaintiff for a period of 14 weeks, totaling $3,811.50.
9. Defendants filed a motion to terminate payment of weekly benefits through Mr. David Heick on 4 August 1993. That application was denied by the North Carolina Industrial Commission on 11 August 1993.
10. After 11 August 1993, defendants terminated plaintiff's benefits on 23 October 1993.
11. Plaintiff and defendant, through counsel, entered into an agreement to reinstate plaintiff's previously terminated weekly benefits on Industrial Commission Form 21, Agreement for Compensation for Disability, from and after 23 August 1994, and continuing until the next date plaintiff's claim appeared on the Industrial Commission docket for hearing, or the date plaintiff returned to work, whichever first occurred.
12. On 17 June 1993, the Chief Claims Examiner inquired of the defendants as to whether the claim had been accepted, and whether plaintiff had seen a doctor of his choice.
13. On 1 December 1994, defendants, through counsel, authorized treatment with Dr. Derian for the purposes of completing diagnostic testing.
14. Industrial Commission Form 21, Agreement for Compensation for Disability, completed by the parties, was submitted to the Industrial Commission. On 3 November 1994, Commissioner Jan Pittman rejected the Agreement, stating that the parties should have used an Industrial Commission Form 63.
15. Industrial Commission Form 63 was completed, but was never signed by defendants.
16. Plaintiff filed Industrial Commission Form 33 through his prior counsel on 19 November 1993.
17. Defendants filed a responsive Form 33R, through counsel, on 18 March 1994.
18. The parties, through counsel, stipulated the following records may be received into evidence without the need for further authentication or verification:
 Exhibit 1 5 pages of medical records from Dr. James Taylor with Kenly Medical Associates, dated 12 March 1993 to 8 April 1993.
 Exhibit 2 10 pages of medical records from Dr. J. Nicholas Fax, Jr., with Coastal Plain Orthopedic Clinic, dated 22 April 1993 to 16 June 1993.
 Exhibit 3 2 pages of records from Cape Fear Valley Medical Center Emergency Department, dated 4 August 1993.
 Exhibit 4 2 pages of medical records from Dr. Inad B. Atassi with Fayetteville Neurological Clinic, P.A., dated 25 January 1994.
 Exhibit 5 North Carolina Industrial Commission Form 24, denied 11 August 1993.
 Exhibit 6 Industrial Commission Form 21, signed by the plaintiff and defendant (not dated or approved by the Industrial Commission) with cover letter to Deputy Commissioner Bost from Tom Page, dated 24 August 1994.
 Exhibit 7 Letter to Vanliner Insurance Company from the Industrial Commission, dated 17 June 1993.
 Exhibit 8 Industrial Commission Form 22 Wage Chart, prepared by Epes Hauling, Inc., for Terry Brown, dated 2 April 1993.
 Exhibit 9 Plaintiff's 1992 W-2 Earnings Summary prepared by Epes Hauling, Inc., showing gross wages of $6,301.51.
 Exhibit 10 Plaintiff's 1993 W-2 Earnings Summary prepared by Epes Hauling, Inc., showing gross wages of $5,639.39.
 Exhibit 11 Corrected computation of plaintiff's average weekly wage under G.S. § 97-2(5).
 Exhibit 12 Letter to Vanliner Insurance from Deputy Commissioner Jan Pittman, dated 3 November 1994.
Exhibit 13 Industrial Commission Form 63.
 Exhibit 14 Industrial Commission Form 33, Request That Claim Be Assigned for Hearing, dated 19 November 1993.
 Exhibit 15 Industrial Commission Form 33R, Response to Request That Claim Be Assigned for Hearing, dated 18 March 1994.
 Exhibit 16 Letter dated 9 December 1993, from the Industrial Commission to Roger Compton (then counsel for Terry Brown).
 Exhibit 17 Epes Transport System, Inc., Final Driver Trip Reports Earnings Report for 1992.
 Exhibit 18 Epes Transport Systems, Inc., Final Driver Trip Report Earnings Report for 1993.
 Exhibit 19 25 January 1995 Durham Clinic office note, prepared by Dr. T. Craig Derian.
 Exhibit 20 9 March 1995 Durham Clinic note regarding lumbar discograph performed 28 February 1995, at Durham Regional Hospital.
 Exhibit 21 11 pages of medical records from Durham Regional Hospital and Dr. T. Craig Derian.
 Def. Ex. 1 Seven pages of employment records from Epes Hauling, Inc.
 Def. Ex. 2 Four pages of employment records from Epes Hauling, Inc.
 Def. Ex. 3 Functional Capacity Evaluation of Terry Brown performed by Jane Mantovani, dated 10 June 1993.
* * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. Nicholas Fax and Dr. T. Craig Derian are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 8 March 1993, plaintiff sustained an injury by accident which arose out of and in the course of his employment, when he slipped and fell off of a truck bed, striking his back.
2. Four days later, plaintiff sought treatment from Dr. Taylor in Kenly, North Carolina, the company doctor for defendants.
3. After conservative treatment, plaintiff was referred by Vanliner Insurance Company to Dr. Nicholas Fax in Lumberton, North Carolina.
4. Dr. Fax gave plaintiff a diagnosis of back strain with degenerative changes.
5. Plaintiff underwent an MRI scan on 21 May 1993 with report of degenerative changes at L3-L4.
6. Dr. Fax sent plaintiff to therapy at Highsmith-Rainey Hospital, and then to a work hardening program.
7. Plaintiff continued to have persistent back and lower extremity pain and was unable to complete the work hardening program, because of continued back pain.
8. In January of 1994, plaintiff was evaluated by Dr. Atassi, who recommended an MRI scan be performed.
9. Plaintiff scheduled, but then canceled, this diagnostic testing recommended by Dr. Atassi.
10. Plaintiff was offered a security job position at an unspecified wage in Greensboro, North Carolina, after defendants canceled the diagnostic testing.
11. Plaintiff refused the security job position because of the 120 mile distance from his home in Fayetteville, North Carolina, and the continued pain in his back.
12. Plaintiff was not seen by a physician again until January of 1995, when defendants approved an independent medical examination to be performed by Dr. Craig Derian.
13. Plaintiff subsequently underwent an MRI scan at Durham Regional Hospital on 28 February 1995, and lumbar discography on 1 March 1995.
14. As a result of his compensable injury on 8 March 1993, plaintiff sustained symptomatic activation and exacerbation of disc degeneration at the L2-3, L3-4 levels, which resulted in long term back pain.
15. As a result of his compensable injury on 8 March 1993, plaintiff requires further medical treatment, including back surgery, to help control back pain.
16. As a result of his compensable injury on 8 March 1993, plaintiff will require psychological testing to evaluate his psychological status which resulted from his chronic back pain.
17. Plaintiff received no medical treatment (other than diagnostic studies performed by Dr. T. Craig Derian) for his work-related back injury of 8 March 1993, since he was treated at Cape Fear Medical Center Emergency Room on 4 August 1993.
18. Plaintiff received temporary total disability compensation from 12 March 1993 to 23 October 1993 and from 23 August 1994 to 6 February 1995.
19. Plaintiff did not receive weekly compensation from 24 October 1993 through 22 August 1994.
20. Plaintiff has not received any compensation subsequent to 6 February 1995 up through the current time.
21. Plaintiff has been a long distance truck driver for the majority of his adult working life, although he worked in the construction industry for a short while.
22. Plaintiff has been unable, as a direct and proximate result of his injury by accident on 8 March 1993, to engage in physical activities required by his former job in the long distance truck industry or in other gainful physical activities, because of the compensable injury to his lumbar spine and the resulting pain.
23. Plaintiff has a seventh grade education.
24. Plaintiff's permanent residence is in Fayetteville.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about 8 March 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2.
2. On and before 8 March 1993, defendant-employer regularly employed three or more employees, and an employment relationship existed between plaintiff and defendant-employer. G.S. § 97-2.
3. On 8 March 1993, plaintiff sustained an injury by accident to his back which arose out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
4. As a direct and proximate result of plaintiff's work-related injury by accident on 8 March 1993, plaintiff sustained an injury to his lumbar spine, and requires further medical treatment and supplies. G.S. § 97-25.
5. Plaintiff's average weekly wage was $509.67, yielding a compensation rate of $339.78 per week. G.S. § 97-2(5).
6. Plaintiff has not yet reached maximum medical improvement as a result of his compensable injury, and has been unable to return to work with defendant-employer or in any other type of work which plaintiff is vocationally suited. G.S. § 97-29.
7. Plaintiff is entitled to further medical treatment to be provided by Dr. T. Craig Derian. G.S. § 97-25.
8. Epes Transportation and Vanliner Insurance Company shall provide plaintiff medical, surgical, hospital, nursing services, medicines, sick travel, and other treatment, including medical and surgical supplies as may be reasonably required to effect a cure or give relief since his last date of work with Epes Transportation on 12 March 1993. G.S. § 97-25.
9. As a result of his compensable injury on 8 March 1993, plaintiff is entitled to receive vocational rehabilitation services to assist plaintiff in returning to productive employment, when plaintiff has reached maximum medical improvement and is released by his treating physician to return to work. G.S. § 97-25.
10. From and after 8 March 1993, plaintiff was and remains incapable because of his work-related back injury which he sustained and the resultant pain, to earn wages which he was receiving at the time of his injury at the same or any other employment. G.S. § 97-29.
11. Defendants, however, are entitled to a credit for payments made to plaintiff for the period from 23 August 1994 through 6 February 1995. G.S. § 97-17.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. For his continuing temporary total disability compensation, defendants shall pay plaintiff at the rate of $339.78 per week from and after 8 March 1993 and continuing thereafter at the same rate, until further Order of the Industrial Commission. Defendants, however, are entitled to a credit for payments made during the period from 23 August 1994 through 6 February 1995. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to a reasonable attorney fee, approved in Paragraph 2.
2. A reasonable attorney fee in the amount of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the compensation due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
3. To the extent that the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury, including continued medical care provided by Dr. T. Craig Derian, and any surgical services deemed necessary to relieve plaintiff's continuing back pain from his compensable injury. Payment shall be made when bills for the same shall have been submitted on proper forms, through defendant-carrier to the Industrial Commission for approval.
4. Defendants shall provide and plaintiff shall accept vocational rehabilitation services to assist plaintiff in returning to productive employment when plaintiff has reached maximum medical improvement, and is released by his treating physician to return to work.
5. Defendants shall bear the costs.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 8/30/96